O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9146 PSG (CWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Empire Fire and Marine Insurance Co. v. Anthony Ballina, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:** (In Chambers) Order DISMISSING Case Without Prejudice

Before the Court is Plaintiff's response to the Court's November 8, 2011 Order to Show Cause re Dismissal of Declaratory Relief Action. Dkt. #6. After considering Plaintiff's response, the Court DISMISSES this case without prejudice.

I.    Background

Plaintiff Empire Fire and Marine Insurance Company ("Plaintiff") issued an insurance policy (the "Policy") with Enterprise Rent a Car Company of Los Angeles ("Enterprise") as the named insured. *Compl.* ¶ 11. In August 2008, Hilda Ballina rented a car from Enterprise and opted for supplemental liability protection, thus becoming the Rentee under the Policy. *Id.* ¶ 13. Ms. Ballina listed Defendant Anthony Ballina as an additional authorized driver on the rental agreement. *Id.* The agreement was executed in Reseda, California. *Id.* ¶ 15. The rental agreement stated "Operation in any other state or country will affect your liability and rights under this agreement." *Id.* ¶ 13 (emphasis removed).

The day after the car was rented, Defendant Ballina was driving the car in Clark County, Nevada when he lost control of the vehicle and struck a barrier. *Id.* ¶ 21. Defendant Billy Gilman and Omar Rodriguez were passengers in the car when the accident occurred. *Id.* ¶ 22. Plaintiff alleges that Defendant Ballina was in breach of the rental agreement at the time of the accident for driving under the influence of alcohol and for operating the rental car outside of California. *Id.* ¶¶ 23-24.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9146 PSG (CWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Empire Fire and Marine Insurance Co. v. Anthony Ballina, et al. | | |

Defendant Gilman has filed suit against Defendant Ballina in Nevada state court for bodily injuries Defendant Gilman suffered in the crash. *Id.* ¶ 28. Defendant Gilman charges Defendant Ballina was driving negligently at the time of the accident. *Id.* Defendant Ballina tendered the underlying action to Plaintiff under the Policy Plaintiff issued to Enterprise. *Id.* ¶ 29. Plaintiff denied coverage. *Id.*

On November 3, 2011, Plaintiff filed suit in this Court against Defendants Ballina and Gilman. *See* Dkt. #1. Plaintiff seeks a declaratory judgment that Plaintiff is not obligated under the Policy to defend and indemnify Defendant Ballina in the underlying action. *Id.* ¶¶ 30-34. On November 8, 2011, the Court issued an Order to Show Cause why the Court should exercise its discretion to hear this case under the Federal Declaratory Judgment Act. *See* Dkt. #5. On November 29, 2011, Plaintiff filed a response. *See* Dkt. #6.

II. <u>Legal Standard</u>

The Federal Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). As is evident from the word "may," the Act does not grant litigants an absolute right to a legal determination. *See United States v. Washington,* 759 F.2d 1353, 1356 (9th Cir. 1985). Rather, the decision to grant declaratory relief rests within a district court's discretion. *Id.*

In determining whether to entertain a suit for declaratory relief, a district court should seek to prevent needless determination of state law issues, duplicative litigation, potential res judicata effects, possible entanglement of the federal and state court systems, and forum shopping by litigants. *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998). The court should also consider whether the suit may finally settle all aspects of a controversy and whether the suit has potential for clarifying the legal relations at issue. *Id.*

III. <u>Discussion</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9146 PSG (CWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Empire Fire and Marine Insurance Co. v. Anthony Ballina, et al. | | |

Under the factors enumerated in *Dizol*, the Court will exercise its discretion not to consider Plaintiff's declaratory judgment action. First, there are potential issues of duplicative litigation and entanglement of the federal and state court systems. Among other arguments, Plaintiff argues it is not bound to defend and indemnify Defendant Ballina because he was under the influence of alcohol at the time of the accident. *Compl.* ¶ 25. The issue of whether Defendant Ballina was under the influence of alcohol is also part of the underlying state court action, where Defendant Gilman alleges Defendant Ballina was driving negligently. *Id.* ¶ 28. This overlap in issues weighs heavily against allowing Plaintiff's declaratory judgment action to go forward, because it entangles the Court with the underlying state court action, as well as results in duplicative litigation. *See Dizol*, 133 F.3d at 1225.

Second, the Court should avoid the needless determination of state law issues. Plaintiff's action relates to the determination of insurance coverage and contractual interpretation, both of which are state law issues. *See U-Haul Intern. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CV-10-1047-PHX-SMM, 2011 WL 4104880, at *4 (D. Ariz., Sept. 15, 2011) (noting that where a plaintiff's action relates to the determination of insurance coverage and contractual interpretation, this weighs in favor of declining discretionary jurisdiction).

Finally, the Court notes that this is purely an action for declaratory relief with no accompanying claims. Where there are accompanying claims requiring a court to determine state law issues, a court may choose to exercise jurisdiction over declaratory relief claims in order to prevent piecemeal litigation. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367-68 (9th Cir. 1991) (upholding the district court's decision to exercise its jurisdiction because the district court would still have been required to decide major state law issues in resolving other claims). Because there are no accompanying claims in this case, declining to exercise jurisdiction will not result in piecemeal litigation.

IV.     Conclusion

For the foregoing reasons, the Court, in its discretion, declines to hear Plaintiff's declaratory relief action. The Court dismisses the action without prejudice.

**IT IS SO ORDERED.**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9146 PSG (CWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Empire Fire and Marine Insurance Co. v. Anthony Ballina, et al. | | |